Matthew M. Levy, J.
The agreement licensed the defendant to use the name of the plaintiff in defendant’s “ approval business ”. At the time of the making of the agreement the plaintiff delivered to the defendant a list of names of customers, correspondence, and related material, constituting valuable assets in the conduct of such a business. This business consists in sending foreign stamps of philatelic value to customers who, by experience, have proved to be appropriately available for this type of solicitation. The prospective customer either approves and pays for the stamps or does not approve and returns them, but often neither pays nor disapproves and does-not return.
As I view this motion for a temporary injunction, its determination rests upon a proper construction of paragraph 11 of the license agreement which expired on April 16, 1955. That paragraph reads as follows: ‘1 The licensee agrees to advertise and solicit customers and prospects from the list furnished herewith and any other lists to be furnished, such advertising and solicitation to be only in the name of the corporation during the term hereof The plaintiff claims to be entitled to the return of all the materials thus furnished, as well as special data developed by the use of these materials during the two-year period of the contract; while the defendant contends that there is no provision in the agreement requiring, upon its termination, a return of the materials or prohibiting their retention by the defendant or his continued use thereof.
It seems to me that the creation of the defendant as a licensee and the entrusting to him of these materials constituted a special *447 relationship where the use of the plaintiff’s name and the materials were related to the contract only in a special relationship. (Cf. Schisgall v. Fairchild Publications, 207 Misc. 224.) It is unrealistic to argue that the defendant could, by acquiring the license, comply with the terms thereof for a period of two years, and then on expiratioii be free from the provisions of the agreement and free at the same time to use the implements which were provided by the terms of the agreement. It is also unrealistic to argue, as the defendant does, that paragraph 11 merely prohibited advertising and solicitation for a period of two years in any name other than that of the plaintiff, and, thereby, advertising and solicitation were permitted after the two-year period in any event. Sensibly construed, this paragraph, in my view, was intended to mean that the materials were to be used for a period of two years, and that during that period they were to be used only in the name of the plaintiff; that is to say, the license and the use were for a two-year period because the contract was to run for that time, but there was the additional limitation that the use was to be in the name of the plaintiff. This last limitation cannot be so construed, as the defendant contends, as to read into the agreement the uninhibited use of the material after the contract term.
I note that the order to show cause asks that the defendant be enjoined from using, transferring or disclosing lists of the plaintiff’s customers or names supplied by the plaintiff. That is granted. I note further that the order to show cause goes on and seeks to include such new names as the defendant may have obtained as licensee as a result of the license agreement. That part of the prayer is denied pendente lite. I do not feel that the temporary injunction should go so far as to restrain the defendant from using the names of persons not contained in the information supplied by the plaintiff, and where the names of such persons were acquired elsewhere.
Settle order accordingly, at which time by memorandum the parties may submit suggestions as to the amount of the bond.